UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Jerome J. Carter

   v.                                    Civil No. 13-cv-275-JL

Hillsborough County Department
of Corrections Medical Department and
Denise Ryan, Health Services Administrator


**REPORT AND RECOMMENDATION**

Jerome J. Carter, a pretrial inmate at the Hillsborough County House of Corrections ("HCHC"), filed a complaint (doc. no. 1) in this matter asserting that the HCHC Medical Department and its administrator, Nurse Denise Ryan, have violated his constitutional rights. The matter is before the court for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); LR 4.3(d)(2).

**Standard for Preliminary Review**

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints before defendants have an opportunity to respond to the claims. The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the

district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

### Background

Carter asserts that when he arrived at the HCHC on January 23, 2013, he went through a medical intake, at which time he advised an unidentified medical department staff member conducting the intake that he had a diagnosis of bipolar

disorder for which he took medication. Carter arrived at the HCHC with his prescribed medication.

Carter was not given any medication upon his admission to the HCHC. Carter filed medical slips for months asking why he was not receiving his prescribed medications. After he filed a grievance on June 2, 2013, he was taken to the medical department to speak with Nurse Supervisor Denise Ryan. Ryan advised Carter that there was no active prescription for him. Carter states that he has signed releases so that the HCHC can obtain his medical records, which clearly document his bipolar disorder. Nothing in the complaint indicates that any action was ever taken by anyone at the HCHC to provide medication or any other treatment for Carter's bipolar disorder.

Carter states that after stopping his medication, he began to have seizures, although he had no previous history of seizures. After Carter filed a grievance, Ryan moved Carter to a bottom bunk and barred him from using the gym or any weights. Carter believes that Ryan barred him from the gym and weights in retaliation for his grievance concerning his medication.

**Discussion**

I. <u>Bipolar Disorder</u>

In order to state a claim for the denial of medical care under the Fourteenth Amendment, an inmate must allege that defendants have committed "acts or omissions . . . sufficiently harmful to evidence deliberate indifference to serious medical needs." Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 497 (1st Cir. 2011) (internal quotation marks and citation omitted). Carter's assertions are sufficient to demonstrate that Carter had a bipolar disorder, which is a serious medical condition, requiring treatment. His assertions are also sufficient to allege that Ryan knew about the condition, knew about the lack of treatment, and knew that serious consequences accrued as a result of medication being discontinued. Accordingly, the facts in the complaint are sufficient to assert a Fourteenth Amendment inadequate medical care claim against Ryan. In an order issued simultaneously with this report and recommendation, the court directs that the complaint be served on Ryan.

II. <u>Retaliation</u>

Carter states that Ryan barred him from the gym and from using weights in retaliation for filing a grievance against the medical department. To state a First Amendment retaliation

claim, Carter must allege, among other things, that he suffered adverse action at the hands of the prison officials.  See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011), cert. denied, 132 S. Ct. 1105 (2012).  De minimis adverse acts will not support a retaliation claim.  See Pope v. Bernard, No. 10-1443, 2011 WL 478055, at *2 (1st Cir. Feb. 10, 2011).  A defendant's reaction to an exercise of an inmate's First Amendment rights is not de minimis if it would deter an individual of ordinary firmness from exercising such rights.  See id.  Because no prisoner or pretrial detainee of "ordinary fitness" would be deterred from filing grievances by being denied access to the gym and weights, Carter has alleged only de minimis adverse acts by Ryan.  Such allegations are insufficient to support a retaliation claim, and that claim should be dismissed.

III. Municipal Liability

Carter has named the HCHC medical department as a defendant.  A claim against a municipal agency is another way of asserting a claim against the municipality.  Accordingly, as the HCHC and its medical department are agencies of Hillsborough County, Carter seeks to bring this claim against the county, which is treated as a municipality for this purpose.  See Monell v. Dep't of Soc. Servs., 436 U.S. 659, 690 n.55 (1978).

"[A] plaintiff who brings a section 1983 action against a municipality bears the burden of showing that, through its <u>deliberate</u> conduct, the municipality was the moving force behind the injury alleged. Such a plaintiff must identify a municipal policy or custom that caused the plaintiff's injury." Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011) (emphasis in original) (citations and internal quotation marks omitted). Carter does not allege that any county policy or custom resulted in the constitutional violations he has alleged. Accordingly, he cannot assert a claim for municipal liability and the claims against the HCHC medical department should be dismissed.

### Conclusion

For the foregoing reasons, the court recommends that the retaliation claim against Ryan and all of the claims against the HCDC Medical Department be dismissed from this action. In an order issued simultaneously with this report and recommendation, the court directs service of the Fourteenth Amendment medical care claim on Ryan. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> United States v. De Jesús-

Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

October 15, 2013

cc: Jerome J. Carter, pro se

LM:jba